Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

February 07, 2008

**Appeal Number: 06-15598-CC**
Case Style: USA v. Richard Carl Rowe, III
District Court Number:  05-00138 CR-N

TO:   Debra P. Hackett

CC:   Daniel Gary Hamm

CC:   Todd A. Brown

CC:   Hon. William R. Sawyer

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

February 07, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

**Appeal Number: 06-15598-CC**
Case Style: USA v. Richard Carl Rowe, III
District Court Number: 05-00138 CR-N

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 06-15598

District Court Docket No.
05-00138-CR-N

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jan 9, 2008

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

RICHARD CARL ROWE, III.,

    Defendant-Appellant.

A True Copy Attested
Clerk U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court
for the Middle District of Alabama

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.



ISSUED AS MANDATE
FEB 0 7 2008
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:    January 9, 2008
For the Court:    Thomas K. Kahn, Clerk
By:    Gilman, Nancy

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 09 2008
THOMAS K. KAHN
CLERK

-------------------------------------------

No. 06-15598
Non-Argument Calendar

-------------------------------------------

D.C. Docket No. 05-00138-CR-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD CARL ROWE, III.,

Defendant-Appellant.

-------------------------------------------
Appeal from the United States District Court
for the Middle District of Alabama
-------------------------------------------

**(January 9, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Richard Carl Rowe III appeals the 60-months' imprisonment imposed after his probation was revoked. No reversible error has been shown; we affirm.

Pursuant to a plea agreement, Appellant agreed to plead guilty to one count of a 24-count superseding indictment charging Appellant with aiding and abetting the transportation of counterfeited securities, in violation of 18 U.S.C. § § 2314 and 2; the government agreed to dismiss the remaining counts. The offense carried a statutory maximum 10-year term of imprisonment. Appellant's guidelines sentencing range -- after the district court granted the government's request for a substantial assistance downward departure -- was 0 to 6 months' imprisonment; a sentence of 36 months' probation was imposed, and Appellant was ordered to pay restitution.

About three months into Appellant's probation sentence, the United States Probation Office filed a petition for revocation of Appellant's probation. Based on the probation violations charged -- to which Appellant stipulated -- the sentencing range recommended under Chapter 7 of the United States Sentencing Guidelines was 8 to 14 months' imprisonment. The government requested -- and the district court imposed -- a 60-month sentence. Appellant argues that the district court

fashioned an excessive and unreasonable sentence in the light of the sentence recommended in the guidelines policy statement.

We review a district court's decision to exceed the recommended sentencing range set out in the Chapter 7 guidelines for abuse of discretion.[1] See United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006). Under 18 U.S.C. § 3565, if a probationer violates a condition of probation, the district court may, after considering the factors set out in 18 U.S.C. § 3553(a), revoke the sentence of probation and resentence the defendant under subchapter A.

Chapter 7 of the guidelines contains policy statements -- one of which provides recommended ranges of imprisonment upon revocation of probation, U.S.S.G. § 7B1.4 -- that the district court must consider in determining an appropriate sentence. These policy statements are advisory and not binding on the district court. Silva, 443 F.3d at 799 (11th Cir. 2006). And after probation revocation, the district court also is not restricted by the guidelines range that applied at the time of the initial sentencing hearing. See United States v. Cook, 291 F.3d 1297, 1300 (11th Cir. 2002). Any sentence may be imposed so long as it does not exceed the statutory maximum. See United States v. Williams, 425 F.3d

---

[1] The government argues that plain error review applies because Appellant made no objection to his sentence in the district court. We think Appellant's arguments for an in-range sentence in the district court preserved this issue for appeal under the abuse of discretion standard.

987, 990 n.2 (11th Cir. 2005) ("These revocation guidelines [U.S.S.G. § 7B1.4] are advisory, and the court can use its discretion in sentencing as long as it does not exceed the statutory maximum....").

That the district court considered the Chapter 7 policy statements and the section 3553(a) factors in imposing a sentence of 60 months' imprisonment is clear from the probation revocation hearing. The district court explained that Appellant failed to realize the significance of his criminal conduct and would continue to work the system unless a serious term of imprisonment was imposed. The district court mentioned explicitly the advisory guideline range of 8 to 14 months and found that range to be insufficient and inappropriate under the circumstances of Appellant's case and his probation violations. The sentence imposed fell within the statutory maximum. On this record, no abuse of discretion has been shown.[2]

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

---

[2] We are unpersuaded by Appellant's argument that the district court erred in failing to consider the lesser sentence that would apply had Appellant violated supervised release. Appellant predicates this argument on his observation that had the alternative sentence of imprisonment been imposed initially instead of probation, his most recent violations would be supervised-release violations which, in turn, would be subject to a maximum possible term of three years imprisonment under 18 U.S.C. § 3583. Appellant cites no case law -- and we are aware of none -- that requires the district court to consider violations of alternative sentences that were never imposed.